**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUL 11 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06CR167-MHT |
| | ) | [21 USC 846; |
| | ) | 21 USC 841(a)(1); |
| GREGORY SMOKE, and | ) | 18 USC 924(c)(1)(A); |
| BETTY ROBERTSON | ) | 18 USC 922(g)(1)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

From an unknown date to on or about January 7, 2006, in Elmore County, Alabama, in the Middle District of Alabama, and elsewhere,

**GREGORY SMOKE,
and BETTY ROBERTSON,**

defendants herein, did knowingly and willfully combine, conspire, confederate and agree together with other persons known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute more than 5 grams of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to a crack cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about the 7th day of January, 2006, in Elmore County, in the Middle District of Alabama, the defendants,

**GREGORY SMOKE,
and BETTY ROBERTSON,**

each aided and abetted by the other, did knowingly possess, with intent to distribute, a mixture

and substance containing a detectable amount of cocaine base, more commonly referred to as cocaine base, a Schedule II Controlled Substance, all in violation of Title 18, United States Code Section 2, and Title 21, United States Code, Section 841 (a)(1).

## COUNT 3

On or about the 6th day of January, 2006, in Elmore County, in the Middle District of Alabama, the defendants,

GREGORY SMOKE,
and BETTY ROBERTSON,

each aided and abetted by the other, did knowingly possess the following firearms: an Armscor Precision, Model 1600, .22 caliber rifle, serial number A466303; an FIE, Derringer, .38 caliber handgun, serial number 030182; a Smith & Wesson, .38 caliber handgun, serial number J356206; a Remington Model 550-1, .22 caliber rifle, serial number DC45; a J.C. Higgins, Model 101.23, .22 caliber rifle, serial number unknown; and a Savage, Model 987, .22 caliber rifle, serial number E775459; in furtherance of a drug trafficking crime as charged in Count 2 herein, and did use and carry said firearms during and in relation to a drug trafficking offense as charged in Count 2 herein, in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

## COUNT 4

On or about the 6th day of January, 2006, in Elmore County, in the Middle District of Alabama, the defendant,

GREGORY SMOKE,

having been convicted of the following felonies, crimes punishable by imprisonment for terms exceeding one year under the laws of the State of Alabama, to-wit:

  1)    August 13, 1987, Criminal Mischief 1st, in the Circuit Court of Elmore County,

2

        Alabama, CC-86-52;

2)     August 13, 1987, Escape 3rd, in the Circuit Court of Elmore County, Alabama, CC-86-93;

3)     August 13, 1987, Receiving Stolen Property 2nd, in the Circuit Court of Elmore County, Alabama, CC-86-95;

4)     February 24, 1984, Theft 1st, in the Circuit Court of Elmore County, Alabama, CC-83-273;

5)     February 24, 1984, Receiving Stolen Property, in the Circuit Court of Elmore County, Alabama, CC-83-271;

did knowingly possess in and affecting commerce the following firearms, to-wit: an Armscor Precision, Model 1600, .22 caliber rifle, serial number A466303; an FIE, Derringer, .38 caliber handgun, serial number 030182; a Smith & Wesson, .38 caliber handgun, serial number J356206; a Remington Model 550-1, .22 caliber rifle, serial number DC45; a. J.C. Higgins, Model 101.23, .22 caliber rifle, serial number unknown; and a Savage, Model 987, .22 caliber rifle, serial number E775459. All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION-DRUGS

A.     Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B.     Upon conviction for violations of Title 21, United States Code, Sections 841(a)(1) and 846 as alleged in Count 1; and/or Title 21, United States Code, Section 841(a)(1), as alleged in Count 2 of this indictment, the defendants,

                    GREGORY SMOKE,
                   and BETTY ROBERTSON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 and/or Count 2 of this indictment.

    C.    If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third person;

    (3)    has been placed beyond the jurisdiction of the Court;

    (4)    has been substantially diminished in value; or,

    (5)    has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property.

## FORFEITURE ALLEGATION-FIREARMS

    A.    Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

    B.    Upon conviction for the violation of Title 18, United States Code, Sections 924(c)(1)(A), as alleged in Count 3 and/or Title 18, United States Code Section 922(g)(1), as alleged in Count 4 of this indictment the defendants,

GREGORY SMOKE,
and BETTY ROBERTSON,

4

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses, including but not limited to the following:

**One Armscor Precision, Model 1600, .22 caliber rifle, bearing serial number A466303;**

**One FIE, Derringer, .38 caliber handgun, bearing serial number 030182;**

**One Smith & Wesson, .38 caliber handgun, bearing serial number J356206;**

**One Remington Model 550-1, .22 caliber rifle, bearing serial number DC45;**

**One J.C. Higgins, Model 101.23, .22 caliber rifle, serial number unknown;**

**One Savage, Model 987, .22 caliber rifle, bearing serial number E775459.**

C. If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the property described above.

A TRUE BILL:

_____
Foreperson

_____
Andrew O. Schiff
Assistant United States Attorney

_____
John T. Harmon
Assistant United States Attorney