IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06-CR-167-MHT |
| | ) | |
| GREGORY SMOKE | ) | |

**DETENTION ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court convened a detention hearing on July 25, 2006, pursuant to the Government's *Motion for Detention* (Doc.6). After due consideration of the evidence, the court concludes that the Motion is due to be, and is hereby, GRANTED, as herein explained.

**Part I -- Findings of Fact**

There is probable cause to believe that the defendant has committed a narcotics offense for which the minimum term of imprisonment of ten years or more is prescribed on in which a firearm was used or carried under section 924 (c). A four-count indictment filed on July 11, 2006, charges him with conspiring to possess, with intent to distribute, more than five grams of crack cocaine (count 1); aiding and abetting in such possession (count 2); aiding and abetting in the possession of several firearms in furtherance of drug trafficking (count 3); and being a felon in possession of firearms (count 4). The Court finds that the Defendant has not rebutted the presumption under Section 3242(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Part II - Written Statement of Reasons for Detention**

The Court has duly considered all the evidence proffered concerning the nature and circumstances of the drug offense charged, the weight of the evidence against the defendant, and his

history and characteristics.  On a 1990 conviction in this court for a drug offense, he served a 5-year prison term, but his 3-year term of supervised release, which commenced on 7/7/94, was revoked for violations on 10/1/96.   The assigned narcotics case agent testified credibly regarding undercover purchases of crack cocaine from the defendant on at least 5 occasions in 2005 and 2006 and several firearms seized along with crack cocaine pursuant to a search warrant at defendant's arrest.  His criminal history includes several assaults and other crimes of violence, and two assault cases are pending in state court.  There is a serious risk that he will present a danger to the community if released.  Testimony from this 40 year old defendant's mother, an Elmore County resident who is employed full time, provided the only evidence presented to rebut the presumption of detention. Defense counsel also highlighted the defendant's gainful employment as a carpenter with his half-brother's construction company in Wetumpka.  Given the compelling evidence of his drug trafficking activities in Elmore County over the past year or so, the proffered testimony is  insufficient to rebut the presumption of detention.  Indeed, the Court finds by clear and convincing evidence that the defendant  poses a danger to the community and  no condition or combination of conditions will reasonably assure the safety of any other person and  the community.

**Part III - Directions Regarding Detention**

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this 26th day of July, 2006.

                          **/s/ Delores R. Boyd**
                          DELORES R. BOYD
                          UNITED STATES MAGISTRATE JUDGE