IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO: 2:06-CR-167-MHT |
| ) | |
| GREGORY SMOKE & ) | |
| BETTY ROBERTSON ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO SUPPRESS AND CITATIONS OF AUTHORITY**

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby files this its *Response to Defendant's Motion to Suppress and Citations of Authority*. In support thereof, the government offers the following:

**Statement of Facts**

From an unknown time until January 6, 2006, the Defendants Smoke and Robertson lived together in a trailer located at 2110[1] Crenshaw Road, in Wetumpka, Elmore County, Alabama. Although they have never formally married, the defendants held themselves out as husband and wife.

During the months of December, 2005, and January, 2006, officers of the Central Alabama Drug Task Force (CADTF) conducted a series of undercover crack cocaine buys from both defendants at the 2110 Crenshaw Road address. Based on their observations of both

---

[1] It was not until Defendant Smoke filed his *Motion to Suppress* that the CADTF agents learned that the street address of the defendants's residence may actually be *2110* Crenshaw Road, not *2112* Crenshaw Road. Both defendants now claim that: 1) the property searched was 2110 Crenshaw Road, not 2112; 2) Defendant Robertson is the titled owner of 2110; and 3) Defendant Smoke is the titled owner of 2112. Neither defendant contests the accuracy of the remainder of the property description in the affidavit and accompanying search warrant.

defendants, it was apparent that both defendants lived at the subject residence.

After buying drugs from both defendants at their marital home, Investigator Thomas Reid of the CADTF obtained a search warrant for their residence, a copy of which is attached and incorporated by reference as Government's Exhibit "1". Because Gregory Smoke was the primary target of the investigation, Inv. Reid described the residence as "the residence of Gregory Smoke", even though agents had purchased crack cocaine from both defendants at the subject residence. Reid further described the residence as:

> 2112 Crenshaw Road - Wetumpka, Alabama: From Alabama Hwy 111. Proceed north on Al. Hwy 111 to the north end intersection of Crenshaw Road. Turn left onto Crenshaw Road. Said Residence (2112 Crenshaw Road) will be located on the left. Said residence is described as being a light colored (tan or beige) doublewide mobile home with green colored window shutters and a front porch with green colored railings.

On January 7, 2006, agents with the CADTF executed the search warrant. At the time of entry into the residence, both defendants were asleep in their marital bed. Agents located a large amount of evidence, including crack cocaine, digital scales, and numerous firearms and ammunition. Defendant Smoke immediately asked to cooperate with CADTF, and, after receiving *Miranda* warnings, stated that the firearms "are mine, the dope is mine, and my wife had nothing to do with it". However, because the agents knew that both defendants had sold them crack cocaine, they arrested both defendants for illegally possessing cocaine under state law.

A federal grand jury later indicted both defendants for conspiracy to distribute crack cocaine, possession of crack cocaine with intent to distribute, possession of a firearm by a convicted felon (Defendant Smoke only) and possession of firearms during the commission of a

drug trafficking offense. After they had been charged federally, Agents of the Bureau of Alcohol, Tobacco, and Firearms located and arrested both defendants at their residence on 2110 Crenshaw Road.

## Argument and Citation of Authority

After their arraignment, both defendants filed motions to suppress the search of their home, claiming that the warrant violated the "particularity" requirement of the Fourth Amendment, and that the officers searched the "wrong" residence. The government will address the "wrong" residence argument first.

**1. The CADTF did not search the "wrong" residence**

The CADTF bought crack cocaine at the subject residence five times prior to the execution of the search warrant. Defendant Robertson sold agents cocaine on three occasions (December 7 and 23, 2005, and January 6, 2006). Defendant Smoke sold agents cocaine on two occasions (December 5 and 21, 2005). Both defendants were present during most of the sales. Regardless of who the seller was on any particular day, all of the sales took place at one residence: the trailer that the two defendants shared, and that the CADTF ultimately searched. Clearly, the CADTF intended to search the residence where they purchased cocaine from the defendants, and no other. The only question, then, is whether an inaccurate street address invalidates the search warrant. [2]

**2. The search warrant described the residence with sufficient particularity to be valid**

"A warrant's description of the place to be searched is not required to meet technical

---

[2] The government has not determined conclusively that the subject residence is indeed 2110 (instead of 2112) Crenshaw Road, but has taken the defendants's claims at face value.

requirements or have the specificity sought by conveyancers. The warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority. An erroneous description of premises to be searched does not necessarily render a warrant invalid. The Fourth Amendment requires only that the search warrant describe the premises in such a way that the searching officer may " 'with reasonable effort ascertain and identify the place intended.'" *United States v. Burke*[3], 784 F.2d 1090, 1092 (11th Cir. 1986), quoting *United States v. Weinstein*, 762 F.2d 1522, 1532 (11th Cir. 1985).

In evaluating the effect of a wrong address on the sufficiency of a warrant, the Courts have also taken into account the knowledge of the officer executing the warrant, even where such knowledge was not reflected in the warrant or in the affidavit supporting the warrant. *United States v. Burke, supra.* In the present case, Inv. Reid and the members of the CADTF conducted numerous controlled buys at the subject residence prior to the execution of the search warrant. In light of their previous personal experience with the subject residence in the weeks leading up to the search, the warrant described the residence with sufficient particularity to be valid under the Fourth Amendment.

### 3. Even if the warrant was not valid, the agents conducted the search in good faith

The *Burke* court explicitly did not reach a conclusion on the "good faith exception" to the warrant requirement because, it reasoned, a search warrant with an incorrect address may

---

[3] *Burke* upheld the search of an Atlanta residence located at 48 Troup Street, apartment 840, even thought the search warrant described the residence as: "38 Throop Street, being a two-story brick building, trimmed in a reddish-brown paint with a shingled roof and three adjacent apartments, with apartment 840 being the far left apartment at that address looking at it from the front. 784 F.2d 1090, 1092.

nevertheless be sufficiently particular to satisfy the warrant requirement.[4] Regardless, should this Court find that the warrant was invalid, the task force officers clearly had reasonable cause and good faith to rely on the warrant after five consecutive purchases of crack cocaine from the defendants at the subject residence. In the event this Court determines that warrant was not based on probable cause, the United States invokes the good faith exception set forth in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984), which permits the admission of evidence when officers acted "in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002).

## Conclusion

After conducting a series of controlled crack cocaine purchases from both defendants at the subject residence, the CADTF obtained a valid search warrant that described the residence with sufficient particularity to satisfy the Fourth Amendment. Therefore, the Government respectfully requests that the Court conduct a hearing in this matter, and based upon the evidence presented, deny the Defendant's motion.

Respectfully submitted this 21st day of September, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
Phone: 334.223.7280
FAX: 334.223.7135
E-mail: david.cooke@usdoj.gov

---

[4] 784 F.2d 1090, 1093.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO: 2:06-CR-167-MHT |
| ) | |
| GREGORY SMOKE & ) | |
| BETTY ROBERTSON ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennifer Hart, Esq., and Susan James, Esq.

Respectfully submitted,

/s/ K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
Phone: 334.223.7280
FAX: 334.223.7135
E-mail: david.cooke@usdoj.gov