IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:06cr167-MHT |
| | ) | |
| GREGORY SMOKE | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            JENNIFER A. HART

ASSISTANT U.S. ATTORNEY:    LOUIS V. FRANKLIN, SR.

**COUNTS AND STATUTES CHARGED**:

Count 1        21 U.S.C. § 846.
               Conspiracy to knowingly and intentionally distribute and possess with intent to distribute 5 or more grams of cocaine base;

Count 2        21 U.S.C. §§ 841(a)(1) and 2.
               Possession with intent to distribute cocaine base, a Schedule II Controlled Substance;

Count 3        18 U.S.C. §§ 924(c)(1)(A) and 2.
               Possession, use and carrying a firearm during and in furtherance of a drug trafficking crime; and

Count 4        18 U.S.C. § 922(g)(1).
               Unlawful possession of a firearm by a convicted felon.

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT**:

Count 2        21 U.S.C. § 841(a)(1).

Count 3        18 U.S.C. §§ 924(c)(1)(A) and 2.

Count 4        18 U.S.C. §§ 922(g)(1) and 2.

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 2
21 U.S.C. § 841(a)(1)
NMT 20Y, but if death or serious bodily injury results, then NLT 20Y or NMT Life, unless after another felony drug offense, then 30Y,
NMT $1,000,000, unless after another felony drug offense, then NMT $2,000,000,
NLT 3Y SUP REL, unless after another felony drug offense then NLT 6Y;
$100 AF;
VWPA.

Count 3
18 U.S.C. § 924(c)(1)
NLT 5Y to run consecutive to the drug trafficking crime charged in Count 2 of the instant indictment, but if firearm is brandished, then NLT 7Y, and the firearm was discharged, then NLT 10Y,
NMT $250,000 or both;
NMT 3Y SUP REL;
$100 AF;
VWPA.

Count 4
18 U.S.C. § 922(g)(1)
NMT 10Y or
NMT $250,000 or both;
NMT 3Y SUP REL;
$100 AF;
VWPA.

## ELEMENTS OF THE OFFENSE:

Count 2        21 U.S.C. § 841(a)(1) (Possession with intent to distribute)

   First:   Defendant knowingly and intentionally possessed a Controlled Substance as charged in the Indictment: and

   Second:  That the defendant had the intent to distribute the Controlled Substance when he possessed the same.

Count 3        18 U.S.C. § 924(c)(1)

   First:   The defendant committed the drug trafficking offense charged in Count 2 of the indictment;

2

| | |
|---|---|
| Second: | During the commission of that offense the defendant knowingly used, carried and possessed a firearm; and |
| Third: | Defendant carried the firearm in relation to or in furtherance of the drug trafficking offense. |

Count 4            18 U.S.C. § 922(g)(1)

| | |
|---|---|
| First: | The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and |
| Second: | Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense. |

* * * * * * * * * * * * * * * * * * * * *

Louis V. Franklin, Sr., Assistant United States Attorney, and Jennifer A. Hart, attorney for Defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C); and, the parties understand that, if the terms of this Plea Agreement are not accepted by the Court, Defendant will be allowed to withdraw his plea of guilty and proceed to trial. If the Court accepts this Plea Agreement; and Defendant thereafter breaches this Plea Agreement, Defendant may not withdraw his guilty plea. The terms of this Plea Agreement are as follows:

### UNITED STATES' PROVISIONS

1. Upon Defendant's entering a plea of guilty to the offenses charged in Counts 2, 3 and 4

3

of the Indictment, and the Court's acceptance of such plea, the attorney for the United States will do the following:

    a.    Not file an Information for enhanced sentence pursuant to 21 U.S.C. § 851;

    b.    Agree that the amount of cocaine base attributable to the defendant is approximately 5.44 grams;

    c.    Recommend a downward departure of two (2) levels pursuant to § 5K1.1 of the advisory guideline range for substantial assistance in the investigation and prosecution of other state and Federal crimes; and

    d.    Dismiss, at the time of sentencing, after the Court's acceptance of Defendant's plea of guilty to Counts 2, 3, and 4 of the Indictment and this Plea Agreement, Count 1 of the Indictment returned against Defendant.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and Defendant's background.

## **DEFENDANT'S PROVISIONS**

1.    Defendant agrees to the following:

    a.    To plead guilty to Counts 2, 3, and 4 of the Indictment;

    b.    That the amount of cocaine base attributable to the defendant is 5.44 grams;

    c.    To forfeit any and all interest in all firearms named in the indictment.

    d.    To testify truthfully and completely at any and all times and places, before any civil and/or criminal proceeding; and

e.     To cooperate fully with the United States in the prosecution of this and other cases and fulfill all of his obligations and covenants under the Cooperation Agreement set forth <u>infra</u>.

f.     Defendant understands acknowledges and agrees that as part of his consideration for this Cooperation Agreement he will not to commit any criminal offense under federal, state, or local law, including, but not limited to, possessing or using a controlled substance. Defendant further understands and acknowledges that his commission of any criminal offense under federal, state, or local law after his execution of this Plea Agreement is a material breach of the Cooperation and Plea Agreements and immediately releases the United States from its commitment to honor any and all of its obligations to him as set forth in this Plea Agreement. Defendant further understands that any material breach of the Plea Agreement or the Cooperation Agreement, by the Defendant, will not invalidate or serve as withdrawal of his guilty plea. Upon material breach by the Defendant, the United States reserves the right to pursue any sentencing enhancement or any additional criminal prosecution deemed necessary.

g.     Defendant consents to forfeiture of, and relinquishes all ownership interest in, any and all firearms and ammunition seized in this case.

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C.

§ 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, Defendant reserves the right to file a direct appeal for an upward departure from the applicable advisory Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history) or §5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other advisory Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by Defendant, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this Plea Agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals Defendant's sentence pursuant to 18 U.S.C. § 3742(b), Defendant is released from this waiver.

Notwithstanding the above, nothing in this section shall be construed as a waiver of the right to raise a claim premised on ineffective assistance of counsel and/or prosecutorial misconduct.

## FACTUAL BASIS

Defendant understands the nature of the charges to which the plea is offered involves proof as to Counts 2, 3, and 4 of the Indictment. With respect to Count 2, on or about January 7, 2006, in Elmore County, Alabama, in the Middle District of Alabama, Gregory Smoke, Defendant herein,

knowingly and intentionally possessed with intent to distribute cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). In particular, Defendant, during this time period, possessed approximately 2.66 grams of cocaine base; and it was the defendant's intent to distribute said cocaine.

As to Count 3 of the Indictment, on or about January 7, 2006, in Elmore County Alabama, Defendant knowingly possessed the following firearms: a Armscor Precision, Model 1600, .22 caliber rifle, serial number A466303; an FIE, Derringer, .38 caliber handgun, serial number 030182; a Smith and Wesson, .38 caliber handgun, serial number J356206; a Remington Model 550-1, .22 caliber rifle, serial number DC45; a J.C. Higgins, Model 101.23, .22 caliber rifle, serial number unknown; and a Savage, Model 987, .22 caliber rifle, serial number E775459, in furtherance of a drug trafficking crime as charged in Count 2 herein, and did use and carry said firearms during and in relation to a drug trafficking offense as charged in Count 2 herein, in violation of Title 18, United States Code, Section 924(c)(1).

As to Count 4 of the Indictment, on or about January 7, 2006, in Elmore County Alabama, within the Middle District of Alabama, Defendant, a convicted felon, did knowingly possess the following firearms, which moved or had been a part of interstate commerce: a Armscor Precision, Model 1600, .22 caliber rifle, serial number A466303; an FIE, Derringer, .38 caliber handgun, serial number 030182; a Smith and Wesson, .38 caliber handgun, serial number J356206; a Remington Model 550-1, .22 caliber rifle, serial number DC45; a J.C. Higgins, Model 101.23, .22 caliber rifle, serial number unknown; and a Savage, Model 987, .22 caliber rifle, serial number E775459.

## **COOPERATION AGREEMENT**

1. Defendant agrees to cooperate completely and truthfully with the United States in the prosecution of this and other cases. In particular, Defendant agrees to:

   a. Cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so;

   b. Make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States, or their designees, and to respond fully and truthfully to all questions asked of him by such persons;

   c. Disclose fully and truthfully to law enforcement officers and attorneys for the United States any and all knowledge and information, including any documents or materials in his possession or of which he has knowledge, he has about any and all criminal activity in the Middle District of Alabama and elsewhere;

   d. Not commit any violation of federal, state or local law, including but not limited to possession or use of any controlled substance, or possession or use of any firearm or ammunition.

   e. Submit, upon request, to polygraph examinations conducted by the United States.

2. Provided that Defendant satisfies the terms of this Plea Agreement, any information that he truthfully discloses to the United States during the course of his cooperation, concerning

related offenses, will not be used against him, directly or indirectly. Defendant understands, however, that this Plea Agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

3. If Defendant has failed or should fail in any way to fulfill completely his obligations under this Plea Agreement, including his obligations and covenants under the Cooperation Agreement contained herein, then the United States will be released from its commitment to honor all of its obligations to him set forth in this Plea Agreement, and the Defendant will be precluded from withdrawing his guilty plea. Thus, if at any time, including, but not limited to, prior to or during his testimony before grand juries, hearings or in trials, Defendant should knowingly and willfully withhold evidence from, or provide false or fail to disclose full and truthful information to, the United States, its investigators, or attorneys then the United States will be free (1) to prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute him, and his co-defendant, Betty Robertson, for all violations of federal criminal law which they may have committed jointly or independently; (3) to use against him in all of those prosecutions and sentencings the information and documents, materials, statements, and information that he has himself disclosed or furnished to the United States during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of Defendant. The parties agree to submit to the Court, to be decided by a preponderance of the evidence standard, the question of whether Defendant has breached this Plea Agreement.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

Defendant, before entering a plea of guilty to the Indictment that is the subject of this Plea Agreement, advises the Court that:

1. The discussions between the attorneys for the United States Government and the attorney for Defendant held for the purpose of reaching an agreed plea in this case have taken place with Defendant's authorization and consent.

2. Defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100 assessment is to be paid by Defendant on the date of sentencing for each Count to which he pleads guilty and that if a fine and/or restitution is imposed by the Court at sentencing, Defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth Defendant's assets and liabilities as of the date of sentencing. Defendant will make an honest, good faith effort to pay the said fine and/or restitution as directed by the Financial Litigation Section of the United States Attorney's Office. Defendant further understands that by completing the financial statement, Defendant is representing that it is true and accurate to the best of Defendant's information, knowledge, and belief.

3. Defendant understands that he has a right to be represented by an attorney at every stage of the proceedings against him herein and is represented by his undersigned attorney.

4. Defendant understands that he has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, the right to call witnesses in his own behalf, and the right

not to be compelled to incriminate himself, and that if he enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, he waives the right to a trial by jury or to a trial before the Court.

5. Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against Defendant in a prosecution for perjury or false statement if the answers are not truthful.

6. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by Defendant as a result thereof is voluntary on Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for Defendant, all conducted with Defendant's authorization, knowledge and consent. Defendant understands and acknowledges that this guilty plea will remain in full force and effect upon any breach of this Plea Agreement by Defendant.

7. Defendant further advises the Court that his understanding of this Plea Agreement is as set forth in this document.

8. Defendant further acknowledges and understands that once the Court accepts this Plea Agreement (1) any breach by him of this Plea Agreement will not entitle him to withdraw his guilty plea in this case and (2) his guilty plea will remain in full force and effect upon his breach of any term of this Plea Agreement.

9.  Defendant further advises the Court that he understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against Defendant. However, Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by Defendant under oath, on the court record, and in the presence of counsel.

10. Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

11. The undersigned attorneys for the United States and for Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for Defendant further advises the Court that Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that Defendant has been advised of his right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against Defendant and the right not to be compelled to incriminate himself; and that if Defendant pleads guilty, there will not be a further trial of any kind. Further, Defendant has been advised that if he pleads guilty, the Court may ask questions about the offense to which Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against Defendant in a civil or criminal proceeding, but

that Defendant's answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

12. Defendant understands that the U.S. Probation Office will prepare a pre-sentence investigation report for the Court. The Probation Officer will consider Defendant's conduct related to the offense to which the plea is offered, as well as Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by Defendant's counsel or the United States Attorney. In the event that the Court determines Defendant's offense level or criminal history category to be higher than Defendant anticipated, the Defendant will have no right to withdraw the plea except as previously stated herein.

This 26th day of October, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Chief, Criminal Division

   I HAVE READ THE FOREGOING PLEA AGREEMENT, CONSISTING OF FOURTEEN (14) PAGES, UNDERSTAND THE SAME, AND THE MATTERS AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED.

   IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JENNIFER A. HART.

_____
Gregory Smoke
Defendant

10/26/06
Date

_____
JENNIFER A. HART
Attorney for Defendant

10/26/06
Date