IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. GREGORY SMOKE, <br> Defendant. | ) <br> ) <br> ) <br> ) Case No.: 2:06cr167-MHT <br> ) <br> ) |

### DEFENDANT'S MOTION FOR RE-SENTENCING AND FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582 (c)(2)

COMES NOW, Defendant Gregory Smoke, pro se moves this Court to re-sentence Defendant and/or reduce his term of imprisonment to a lower term of imprisonment pursuant to 18 U.S.C. §§ 3582 (c)(2), 3553 (a), 29 U.S.C. § 994(a)(2), U.S.S.G. § 1B1.10, as well as the amended advisory guidelines. As grounds therefore, Defendant shows the following:

**A. Authority of this Court to Re-sentence**

1. On November 1, 2007, the Sentencing Commission lowered sentencing ranges for crack cocaine offenses by two levels. See U.S.S.G. § 2D1.1(c), Drug Quantity Table. The Commission found the guidelines created unwarranted sentencing disparities between crack cocaine offenders and powder cocaine offenders, resulting in overpunishment of crack cocaine offenders.

2. On December 11, 2007, the Commissioner authorized the amended crack cocaine guidelines **to apply retroactively.** The Commissioner also amended Reduction in Term of Imprisonment as a result of Amendment Guidelines Range (Policy Statement) Under § 1B1.10(c) of the Federal Sentencing Guidelines Manual to include Amendments 706 as amended by 711, which pertains to crack cocaine offenses.

1

3. Section 1B1. 110(a)(1) authorizes this Court to reduce a defendant's term of imprisonment as provided in 18 U.S.C § 3582 (c)(2),[1] in the case where " a defendant is serving a term of imprisonment and the guidelines range applicable to that defendant **has subsequently been lowered as a result of an amendment to the Guidelines Manual** listed in subsection (c) below..."

4. Thus, in this case, because the Commission, subsequently lowered the crack guidelines after defendant's original sentence, because the amended sentencing guidelines apply retroactively, and because defendant qualifies for such retroactive treatment and now files this section 3582(c)(2) motion, this Court is authorized to conduct a hearing and re-sentence him to a lower term of imprisonment. See U.S.S.G. § 6A1.3 "[when] any factor important to the sentencing determination reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor"); United States v. Bvfield, 391 F.3d 277, 280-281 (D.C. Cir. 2004 ) court abused its discretion in failing to order evidentiary hearing where defendant's uncontroverted factual assertions in § 3582 (c)(2) motion raised "enough of a smidgeon to put the matter "reasonably indispute")(citing U.S.S.G. § 6A1.3); United States v Moore, 2008 WL 161668, S.D. Ohio, Jan. 15, 2008( granting defendant's § 3582 (c)(2) motion for re-sentencing under crack guideline and ordering a hearing to be schedule following receipt of a new Presentence Investigation Report); United States v

---

[1] Section 3582 (c)(2) of Title 18, United States Code, provides:"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),**upon motion of the defendant** or the Director of Bureau of Prisons, or its own motion,**the court may reduce the term of imprisonment,** after considering the factors set forth insection 3583(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements** issued by the Sentencing Commission."

2

<u>Hicks</u>, 473 F3d 1167,1170 (9th Cir. 2007) (a district court can re-sentence a defendant whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (O) [2]

**B. Eligibility of Defendant for Re-Sentencing**

1. Gregory Smoke pled guilty to conspiracy to distribute and possess with intent to distribute crack cocaine.

2. On March 7, 2007 the Honorable Myron Thompson sentence Mr. Smoke to a term of imprison of 106 months.

3. As such, defendant request this Court to conduct a hearing and re-sentence him to a reduced term of imprisonment.

**C. Factors the Court Considers When Re- Sentencing Defendant**

1. First, the Court considers what sentence the defendant would have received under the retroactive amendment had the amendment been in effect at the time defendant was sentence. U.S.S.G. § 1B1.10.(b)(1).

2. In doing so, the Court "substitute(s) only the amendments listed in § 1B1.10, i.e. the covered amendments] for the corresponding guideline provisions that were applied when the defendant was sentence and shall leave all other guideline application decision unaffected". <u>Id</u>

---

[2] In <u>Hicks</u>, <u>supra</u>, the Court held, " while §3582 (c)(2) proceeding do not constitute full resentencing, their purpose is to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the §3553 (a) factors, and issuing a new sentence based on the Guidelines. The dichotomy drawn by the government, where full-resentencings are performed under an advisory system while 'reduction proceedings,' or modifications,' rely on a mandatory Guideline system, is false....Booker excised the status that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some cases but not in others <u>Id</u> at 1171-1172, citing United States v Booker, 543 U.S.220,263-266(2005

3

3. Thus, the Court must consider all relevant statutory sentencing criteria, even if said criteria did not exist at the time of the original sentence or may be unrelated to the amendment. See Settembrino v. United States, 125 F. Supp. 2d 511, 517 (S.D. Fla. 2000)(" when faced with Section 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to a defendant at the original sentencing, including safety valve relief of Section 3553 (f)"); United States v. Mihm, 134 F3d 1353, 1355 (8th Cir.1998) ( with a §3582 (c) resentencing, the district court is permitted to apply § 3553 (f)"s safety valve to reduce sentence below the mandatory minimum because § 3553(f) is a general sentencing consideration the district court must take into consideration inexercising its discretion to resentence under § 3582(c)(2); United States v. Wyatt, 115 F.3d 606,609 (8th Cir. 1997)(all other previous factual decision concerning particularized sentencing factors are to be left intack, e.g. role of offense, obstruction of Justice, victim adjustments, more than minimal planning, and acceptance of responsibility).

4. Moreover, while the Commission amended the crack guidelines by two level reduction, the amendment does not prohibit this Court from re-sentencing defendant even further below a two level reduction, as any mandatory guideline would violate Booker, supra and Kimbrough v. United States, 128 S.Ct. 558,564 (2007)(the Court held that" the cocaine Guidelines, like all other Guidelines are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory"); See also id 568-569,573(crack amendment represents only "modest" change that still yields higher sentences than for powder offenses, is "only..a partial remedy" for overly harsh crack sentences, and creates crack to powder ratios that vary from 25 to

4

    for some defendants to 80 to 1 for others, dispite the commission's recommendation to Congress that the ratio should be no more that 20 to 1 for all defendants)( citing various Sentencing Commission reports).

5. Next, to determine whether a reduction is warranted and what the extent of the reduction should be, the Commentary to application of § 1B1.1 !0 (a) states, that in general, the Court considers 1) the factors set forth in 18 U.S.C. :3553 (a), 2) the nature and seriousness of the danger to any person or the community, and 3) post-sentencing conduct of the defendant that occurred after imposition of the original sentence. commentary 1 of § 1B1.10

6. In addition to the Court implementing the so-called "parsimony principle, "viz: "impos[ing] a sentence sufficient, but not greater than necessary, to, to satisfy the purposes" of sentencing, the Court considers factors set forth in 18 U.S.C. § 3553 (a), to the extent they apply, including the nature and circumstance of the offense and the history and characteristics of the defendant, the need for the sentence imposed, post-sentencing conduct, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, any pertinent policy statement issued by the Sentencing Commission, and the kinds of sentence and the sentencing range established for the applicable category of offense committed by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) and subject to any amendments made to such guidelines. 18 U.S.C. §3553(a).

7. Additionally, the standards established in <u>United States v. Booker</u>, 543 U.S. 220,125 S.Ct. 788 (2005, apply to Defendant's re-sentencing most importantly

5

the Courts application of the principle that the guidelines are advisory United States v. Hicks, 472 F.3d 1167,1171-1177 (9th Cir. 2007 )(" to the extent that policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way") Id. at 1172-1173; See also Kimbrough supra at 570 (section3553 (a)" as modified by Booker, contains an overeaching provision instructing district courts to " impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing"); Neal v. United States, 516 U.S. 284, 290,295 (1996)) Commission " does not have the authority to amend [a] statue" by purporting to interpret it in ways contrary to the construction given it by the Supreme Court, and the Court will" reject [the Commission's] alleged contrary interpretation"); Apprendi v. New Jersey, 530 U.S. 446,120 S. Ct. 2348(2000) facts increasing the statutory maximum penalty must be found by the jury, rather than a judge during sentencing); United States v. Booker, supra mandatory guidelines allowing judges to increase a sentence based on fact not found by a jury violates the defendant' s Sixth Amendment right, thus, the guidelines are advisory and judges review the ultimate sentence for " un-reasonableness"); Stinson v. United States, 508 U.S. 36,38 (1993)(" commentary of the Guidelines Manual that interprets or explains a Guideline is authoritative unless it violates the Constitution)(emphasis added).

WHEREFORE, Defendant respectfully request that this Court grant a hearing and re-sentence Defendant to a reduce term of imprisonment.

This 3 day of Sept. 2008          /s Greogry Smoke
                                   Greogry Smoke, pro se